IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS MOTA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. H-98-1328 |
| vs. | § | |
| | § | |
| UNIVERSITY OF TEXAS HOUSTON | § | UNITED STATES DISTRICT COURT |
| HEALTH SCIENCE CENTER, | § | SOUTHERN DISTRICT OF TEXAS |
| | § | ENTERED |
| Defendant. | § | DEC 8 1999 |

Michael N. Milby, Clerk

## FINAL JUDGMENT

On the 1st day of November, 1999, the above-styled and numbered case came on for trial. Both sides appeared and announced ready for trial, and the case was tried to a jury, one having been timely requested, from November 1 to November 5, 1999. At the conclusion of Plaintiff's case in chief, Defendant moved for judgment as a matter of law as to Plaintiff's claim. Defendant's motion was denied. Jury questions were submitted to the jury on Plaintiff's sexual harassment and retaliation claims under Title VII.

The jury questions and answers were as follows:

#216

## QUESTION NO. 1

Do you find from a preponderance of the evidence that Plaintiff was subjected to unlawful sexual harassment?

Answer "Yes" or "No": <u>Yes</u>

If you have answered "no", please go to Question No. 5.

If you have answered "yes," please answer Question No. 2.

## QUESTION NO. 2

Do you find from a preponderance of the evidence that the harassment that you found in response to Question No. 1 resulted in a tangible employment action against Plaintiff?

Answer "Yes" or "No": <u>No</u>

If you have answered "yes" to Question No. 2, do not answer Question Nos. 3 or 4. Please answer Question No. 5.

If you have answered "no" to Question No. 2, please answer Question No. 3.

## QUESTION NO. 3

Do you find from a preponderance of the evidence that Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior directed at Plaintiff?

Answer "yes" or "no": <u>No</u>

If you have answered "yes" to Question No. 3, please answer Question No. 4.

If you have answered "no" to Question No. 3, do not answer Question No. 4. Go to Question No. 5.

## QUESTION NO. 4

Do you find from a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of any of the preventive or corrective opportunities provided by Defendant or that Plaintiff failed to avoid harm otherwise?

Answer "yes" or "no":     N/A

Please answer Question No. 5.

## QUESTION NO. 5

Do you find by a preponderance of the evidence that the defendant retaliated against the plaintiff for complaining about sexual harassment to the University's Sexual Harassment Board or to the Equal Employment Opportunity Commission (EEOC)?

Answer "Yes" or "No":     Yes

If you have answered "no" to Question No. 5 and you have answered "no" to Question No. 1, do not answer any further questions.  You have finished your deliberations.   The Foreperson must sign the Certificate attached to these pages.

If you have answered "yes" to Question No. 5; or you have answered "yes" to Question No. 1 and "yes" to Question No. 2; or you have answered "yes" to Question No. 1, "no" to Question No. 2, and "no" to Question Nos. 3 or 4, please answer Question No. 6.

## QUESTION NO. 6

What sum of money, if any, do you find by a preponderance of the evidence should be awarded to Plaintiff as compensatory damages for Defendant's actions?

Answer in dollars and cents, or "None":     $15,000.00

Please answer Question No. 7.

3

## QUESTION NO. 7

What sum of money, if any, do you find by a preponderance of the evidence should be awarded to Plaintiff as lost back pay, if any, that resulted from Defendant's unlawful actions?

Answer in dollars and cents, or "None":    <u>$104,435.00</u>


Please answer Question No. 8.

## QUESTION NO. 8

What sum of money, if any, do you find by a preponderance of the evidence should be awarded to Plaintiff as front pay, if any, that resulted from Defendant's unlawful actions?

Answer in dollars and cents, or "None":    <u>$328,565.00</u>


Based on the verdict of the jury, the Court **ENTERS** the following judgment.

### COMPENSATORY DAMAGES

A Title VII plaintiff's compensatory damages recovery against a defendant who has more than 500 employees in each of 20 or more calendar years, such as the University of Texas Houston Health Sciences Center, is limited to $300,000.  42 U.S.C. §1981a(b)(3)(D).  This cap applies to the total amount of damages awarded in the lawsuit, not to each individual claim.  *See Baty v. Willamette Indus., Inc.*, 172 F.3d 1232 (10th Cir. 1999); *Smith v. Chicago School Reform Bd. of Trustees*, 165 F.2d 1142 (7th Cir. 1998); *Hudson v. Reno*, 130 F.3d 1193 (6th Cir. 1997). Front pay and back pay are not included in compensatory damages.  42 U.S.C. §1981a(b)(2). The Court, in its discretion, may award prejudgment interest on an award of compensatory damages. *See Hale v. Fish*, 899 F.2d 390, 404 (5th Cir. 1990)("[T]he fate of prejudgment interest [on compensatory damages] is in the hands of the district court").  The Court finds that the

appropriate interest rate is the average of the 52-week Treasury Bill rates (which is also the federal postjudgment interest standard), or 5.471%. Thus, judgment is **GRANTED** in favor of Luis Mota on his sexual harassment and retaliation claims under Title VII in the amount of $15,000.00 for compensatory damages plus prejudgment interest at 5.471%, compounded annually, from November 1, 1997 until the date of this judgment.

## BACK PAY

Luis Mota is entitled to recover back pay. "Back pay is awarded to put victims of unlawful discrimination in the position in which they would have been but for the discrimination." *Floca v. Homcare Health Serv., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988). The district court has the discretion to award back pay, but an award of back pay should only be denied for reasons which would not frustrate the objectives of Title VII. *Albemarle Paper Co. v. Moody*, 95 S. Ct. 2362, 2370-71 (1975). Once a plaintiff has established a prima facie case of discrimination, the burden of proof shifts to the defendant to show that substantially equivalent employment positions were available to the plaintiff, and that the plaintiff failed to use reasonable diligence in seeking those positions. *Floca*, 845 F.2d at 111; *Sellers v. Delgado Community College, et al.*, 839 F.2d 1132, 1138 (5th Cir. 1988). There was no testimony that demonstrated that plaintiff failed to use reasonable diligence to obtain substantially equivalent employment.

Back pay is calculated from the date of the last discriminatory act against the employee until the date of judgment. The jury found that the University retaliated against Mota for engaging in protected activity. The University refused to grant Mota paid leave on November 1, 1997. Mota took unpaid leave from that time until the time he was terminated. Therefore, he is entitled to back pay from November 1, 1997 until the date of this judgment. A calculation of back

5

CEMPDF - www.lexisa.com

pay should include the plaintiff's base salary as well as additional compensation and fringe benefits such as bonuses, overtime, and sick leave. *Pettway v. Am. Cast Iron Pipe Co.*, 494 F.2d 211, 263 (5th Cir. 1974); *Barbour v. Medlantic Mgm't Corp.*, 952 F.Supp. 857, 865 (D.D.C. 1997). The plaintiff bears the burden of establishing the value of the lost salary and benefits, *Barbour*, 952 F.Supp. at 865, although any uncertainties with respect to what the plaintiff would have received but for the discrimination should be resolved against the discriminating employer. *EEOC v. Financial Assurance, Inc.*, 624 F.Supp. 686, 693 (W.D. Mo. 1985).

Mota is entitled to recover prejudgment interest on his award of back pay. The decision to award prejudgment interest on the award of back pay rests within the discretion of the court. *Hadley v, VAM PTS*, 44 F.3d 372, 376 (5th Cir. 1995). The Fifth Circuit has approved awards of prejudgment interest to make the victim of discrimination under Title VII whole. *Sellers*, 839 F.2d at 1140, but such an award is not required. The decision as to how to compute prejudgment interest is within the discretion of the district court. *Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d 1111, 1139 (D.C. Cir. 1999). Courts have utilized several sources for the prejudgment interest rate on an award of back pay. *Becker v. ARCO Chemical Co.*, 15 F.Supp. 2d 621, 637 (E.D. Pa. 1998) (appropriate prejudgment interest rate for plaintiff's back pay award in ADEA case was the average 52-week Treasury Bill rate); *Davis v. Rutgers Casualty Ins. Co.*, 964 F.Supp. 560, 576 (D. N.J. 1997) (court determined prejudgment interest rate by averaging the 52-week Treasury Bill rates); *Frank v. Relin*, 851 F.Supp. 87, 91 (W.D. N.Y. 1994) (appropriate prejudgment interest rate for plaintiff's back pay award in ADEA case was the average 52-week Treasury Bill rate). *See also Baty v. Willamette Indus., Inc.*, 985 F.Supp. 987, 999 (D. Kan. 1997) (granting prejudgment interest rate equal to one half of state statutory rate in

6

Title VII case); *DuBose v. Boeing Co.,* 905 F.Supp. 953, 960 (D. Kan. 1995) (granting interest on Title VII back pay award at Kansas statutory rate).

The Court finds that the appropriate interest rate is the average of the 52-week Treasury Bill rates (which is also the federal postjudgment interest standard), or 5.471%. Thus, judgment is **GRANTED** for Mota in the amount of $104,435.00 in back pay plus prejudgment interest at 5.471%, compounded annually, from November 1, 1997 until the date of this judgment.

## FRONT PAY

Mota is entitled to recover front pay. Front pay "compensates the plaintiff for lost income from the date of judgment to the date the plaintiff obtains the position she would have occupied but for the discrimination." *Floca*, 845 F.2d at 112. "Front pay, however, is governed by the district court's discretion and is not always appropriate." *Id*. Reinstatement is the preferable remedy, but reinstatement may not be feasible where a hostile relationship exists between the employer and the plaintiff. *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248 (5th Cir. 1996). Here, reinstatement is not an option as the University subjected Mota to a number of retaliatory acts. A court may award front pay where reinstatement is not feasible. *Id*.

The jury has determined that by its actions, the University retaliated against the Plaintiff. Mota requested front pay to age 65, on the assumption that with the pay differential between the University and his current employment would always exist. This is not a reasonable assumption, however. An award of front pay until Mota reaches age 65 would be speculative and inappropriate. *See Barbour*, 952 F.Supp. at 866. Mota was on the tenure track at the University of Texas and he is not on the tenure track at his current place of employment. Mota estimated that

7

it would take him three years to get on the tenure track and an additional seven years to receive tenure.

Amazingly, even after the jury's verdict, the University arrogantly continues its campaign of libel and retaliation against Mota by dissemination of an e-mail dated November 9, 1999 to present Mota in the worst professional light possible. Although the Court had originally believed that ten years would be sufficient for Mota to recover his professional reputation and salary, in light of the fact that Dr. David Low, President of the University of Texas Houston Health Science Center, mistakenly believes that he may continue to malign Mota in a way that is sure to impact his professional reputation, the Court concludes that an additional five years of front pay is warranted.

Accordingly, the Court finds that Mota is entitled to front pay from the date of this judgment until 2014. This yields an award of $194,989.00.

Mota is entitled to recover postjudgment interest for his front pay award. The postjudgment interest rate is the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of 52 week U.S. Treasury Bills settled immediately prior to the date of the judgment. 28 U.S.C. §1961(a). The postjudgment interest rate, at the Treasury Bill rate on the date of judgment, is 5.471 percent. *See Ward v. Am. Hawaii Cruises, Inc.*, 719 F. Supp. 915, 925-27 (D. Haw. 1988) (noting that the applicable post-judgment interest rate for civil cases is the Treasury Bill rate).

Thus, judgment is **GRANTED** for Mota in the amount of $194,989.00 in front pay plus postjudgment interest at 5.471%, compounded annually, from the date of this judgment until paid.

8

## ATTORNEY'S FEES

Pursuant to the Court's Order dated December 7, 1999, Mota is awarded attorney's fees and costs in the amount of $388,367.51.

Judgment is entered for Plaintiff as follows:

| Mota: | | |
|---|---|---|
| | Compensatory Damages | $  15,000.00 |
| | Back Pay | $104,435.00 |
| | Front Pay | $194,989.00 |
| | Attorneys Fees & Costs | $388,367.51 |
| | **TOTAL** | **$702,791.51** |

with pre-judgment interest on the compensatory damages and back pay as reflected herein, and post-judgment interest on the entire award from the date of this judgment until paid.

This is a **FINAL JUDGMENT**.

The Clerk shall enter this Order and provide a copy to all parties.

Signed on this the _____ day of December, 1999, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**

9